# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| TASHONA PATRICE MORROW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 7:16-cv-8154-LSC |
| | ) | (7:14-cr-248-LSC-TMP-2) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OF OPINION

Petitioner Tashona Patrice Morrow ("Morrow) has filed with this Court a motion to vacate her sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Morrow contends that Amendment 794 to United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2, which took effect November 1, 2015, after her sentencing, makes her eligible for a mitigation role reduction to her sentence. The Government opposes the motion. (Doc. 4.) Morrow has also filed a reply in support. (Doc. 5.) For the following reasons, the motion is due to be denied.

**I.   Background**

On August 27, 2014, a grand jury sitting in the Northern District of Alabama returned a five-count Superseding Indictment against Morrow and two co-

defendants. Only Count One of the Superseding Indictment pertained to Morrow, charging her and another co-defendant (her son) with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d).

On October 8, 2014, Morrow entered a guilty plea to Count One of the Superseding Indictment pursuant to a plea agreement. Subject to limited exceptions, she agreed to waive her right to appeal her conviction and/or sentence and to challenge her conviction and/or sentence or the manner in which her conviction and/or sentence was determined in any post-conviction proceeding, including a motion brought under 28 U.S.C. § 2255.

A presentence investigation report was prepared which delineated no adjustment for Morrow's role in the offense of conviction. Morrow, through her appointed counsel, filed objections to the presentence investigation report and also submitted a sentencing memorandum, but neither pleading mentioned a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2. The Court held a sentencing hearing and on February 17, 2015, a judgment of conviction was entered sentencing Morrow to a custodial term of 75 months.

Morrow did not appeal. On August 7, 2016, she filed the instant habeas motion. She remains in custody.

## II. Discussion

### A. The Petition is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides for a one-year period in which a motion for post-conviction relief under § 2255 must be filed. Under the AEDPA, the one-year period in which to file a motion under § 2255 begins to run from the latest of four events:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Morrow has not sufficiently indicated that the second, third, or fourth potential triggering events are applicable in this case. She conclusorily claims that her motion relies upon newly discovered facts, the delayed discovery of which impacted her ability to file this motion. However, she offers no explanation for this assertion. She does not even provide a date upon which these unexplained new

facts were discovered. It is a petitioner's burden to set forth adequate facts to establish that she is entitled to relief, and failure to do so is fatal. *See LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof . . . on a § 2255 petition belongs to the petitioner").

Thus, the first triggering event applies. Judgment was entered in this case on February 17, 2015. Since Morrow did not file an appeal, her conviction became final on March 3, 2015, or fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i); *see also Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) (noting that a conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted). On the following day, the AEDPA statute of limitations clock began to run and did so until March 3, 2016, at which point the time for filing this action expired. Morrow did not file her habeas motion until August 7, 2016, five months after the limitations period expired.

### B. Even if Not Time-Barred, the Claim is Not Cognizable on Collateral Review

Even assuming Morrow's claim is not time-barred and not barred by the appeal waiver in her plea agreement, it is not cognizable in a § 2255 proceeding. The Supreme Court has noted that § 2255 is not a substitute for direct appeal. *See Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998) (citing *Sunal v. Large*,

332 U.S. 174, 178 (1947)). Thus, in a § 2255 proceeding, a district court's authority to review claims of sentencing error is limited to those that constitute a "fundamental defect which inherently results in a complete miscarriage of justice." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (citations and internal quotations omitted). A prisoner may only challenge a sentencing error as a "fundamental defect" on collateral review when she establishes that she is actually innocent of her crime or that a prior conviction used to enhance her sentence has been vacated. *See id.* at 1139. Morrow argues neither of those things.

Instead, she claims only that the Court erroneously failed to apply a mitigating role adjustment to her offense level based on Amendment 794 to U.S.S.G. § 3B1.2, an amendment enacted after she was sentenced. The Sentencing Guidelines provide for a two-level decrease to a base offense level if a defendant was a minor participant in the criminal activity. U.S.S.G. § 3B1.2(b). In November 2015, the U.S. Sentencing Commission added the following language to Application Note 3(C) for § 3B1.2:

> In determining whether [a defendant warrants a minimal or minor participant] or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;

5

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. Supp. App. C, Amend. 794.

The Eleventh Circuit has made clear that Amendment 794 merely clarified the existing guideline (that was in effect when Morrow was sentenced) and did not substantively alter it. *See United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016). Indeed, the Sentencing Commission itself did not describe Amendment 794 as making a substantive change. *See* U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to

sentencing courts in determining whether a mitigating role adjustment applies."). "A claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." *Burke*, 152 F.3d at 133. Because Amendment 794 did not constitute a change in the substantive law, Morrow had a sufficient opportunity to challenge the absence of a mitigating role adjustment at her original sentencing (and on direct appeal). *See id*. at 1331-32. She failed to do so.

Nor does Morrow now offer any new facts that would support her claim that she qualifies for the mitigating role adjustment. Instead, she merely points to "the nature of [her] involvement" in the armed bank robbery as grounds for the adjustment. However, this Court was abundantly aware of the role she played in the armed bank robbery at the time of her sentencing. Given these circumstances, any alleged misapplication of the sentencing guidelines in this case cannot be considered "fundamentally unfair" or "a miscarriage of justice" sufficient to form the basis for collateral relief. *See Burke*, 152 F.3d at 1332.

Finally, the sentence imposed was far below a level which could be considered a violation of the due process protections of the Constitution. When the sentence imposed is below the statutory maximum, no alleged miscalculation of the

advisory sentencing guidelines range will ever rise to the level of a fundamental "miscarriage of justice." *Spencer*, 773 F.3d at 1139-44. Morrow was subject to a statutory maximum term of imprisonment of 25 years (or 300 months). She received a custodial sentence of 75 months—one quarter of the maximum possible sentence.

## III. Conclusion

For the foregoing reasons, Morrow's § 2255 motion is due to be denied. Additionally, pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability ("COA"). Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 &

n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. Accordingly, a COA will not issue from this Court.

The Court will enter a separate order in conformity with this Memorandum of Opinion.

**DONE** AND **ORDERED** ON OCTOBER 23, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
160704